UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12941-RGS

HSBC BANK USA, N.A.

v.

DONALD LASSMAN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY
ESTATE OF ANDREW AND MAUREEN DEMORE

MEMORANDUM AND ORDER ON APPEAL
FROM THE BANKRUPTCY COURT
AND ON APPELLANT'S MOTION TO CERTIFY

January 7, 2016

STEARNS, D.J.

Appellee Donald Lassman is the Trustee of the bankruptcy estates of
Andrew and Maureen DeMore (the DeMores).  Appellant HSBC Bank, USA,
N.A. (HSBC) is the United States arm of an international bank
headquartered in London, England.  HSBC appeals the decision of the
Bankruptcy Court granting summary judgment to Lassman in two adversary
proceedings involving a mortgage note on real property located in North
Attleboro, Massachusetts.

BACKGROUND

In February of 1994, the DeMores acquired a parcel of land in North
Attleboro.  The deed transferring the property was registered with the Land

1

Court on March 19, 1994. In April of 2004, the DeMores executed Limited Powers of Attorney to John G. Molloy. One week later, Molloy, ostensibly on behalf of the DeMores, executed a promissory note in favor of HSBC Mortgage Corporation, USA, in the amount of $244,900, secured by a mortgage on the Attleboro property. HSBC Mortgage Corporation, USA subsequently assigned the mortgage to HSBC.

The Certificate of Acknowledgment appended to the mortgage read as follows (handwritten portions italicized):

> On this *27th* day of April, 2004, before me, the undersigned notary public personally appeared *Andrew DeMore and Maureen DeMore by their attorney-in-fact, John G. Malloy under power of attorney recorded herewith* proved to me through satisfactory evidence of identification, which were *drivers licenses* to be the person whose name is signed on the proceeding attached document, and acknowledged to me that he/she signed it voluntarily and for its stated purpose.

The mortgage was executed less than three weeks prior to the signing by Governor Romney of Revised Executive Order No. 455 (04-04), *Standards of Conduct for Notary Publics* (May 14, 2004), which mandated that notaries use a standard form Certificate of Acknowledgment that is virtually a verbatim copy of the Certificate executed at the DeMores' closing. *Id.* § 5(d). As with every page of the mortgage, the Certificate was inscribed at the bottom of the page with the initials "AD by JGM as AIF under POA

recorded in Bristol Bk ____ pg _____ . . . MD by JGM as AIF under POA recorded in Bristol Bk ____ pg _____."

In October of 2013, Andrew DeMore filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* Two months later, in December of 2013, Maureen DeMore also filed for Chapter 7 bankruptcy. On January 21, 2014, Lassman, in his capacity as Trustee, began adversary proceedings against Mr. DeMore and HSBC, and on the following day against Mrs. DeMore and HSBC.[1] Lassman sought to avoid the mortgage pursuant to the "strong-arm powers" granted to bankruptcy trustees by 11 U.S.C. §§ 544(a)(3) and 551,[2] based on an alleged notarization

---

[1] Under Massachusetts law, any alleged defect in the mortgage would have been cured after ten years (as of April 27, 2014). *See* Mass. Gen. Laws ch. 184, § 24. As the First Circuit recently observed, the language of the statute and the interpretative case law are ambiguous as to whether the running of the statute is tolled by a proceeding to avoid the mortgage initiated prior to the expiration of the ten-year period. "We are aware of no Massachusetts law on point deciding whether the latter clause of § 24 is better read to provide a remedy to cure any defect, or to state that a defective instrument is not made effective by the ten-year period of repose if a proceeding to escape the obligation was initiated before the passage of ten years." *Bank of Am. v. Casey* (*In re Pereira*), 791 F.3d 180, 184 n.4 (1st Cir. 2015).

[2] In relevant part, 11 U.S.C. § 544 (a) provides that a bankruptcy trustee may "without regard to any knowledge of the trustee or of any creditor . . . avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor."

defect: namely, that the Certificate of Acknowledgment appended to the DeMores' North Attleboro mortgage failed to "unequivocally and unambiguously identify who appeared in front of the notary."  Record App'x at 33.   HSBC moved to dismiss the action, or alternatively, to certify questions of state law to the Massachusetts Supreme Judicial Court (SJC).

The Bankruptcy Court rejected HSBC's motion to certify and granted summary judgment to Lassman.   The Bankruptcy Court relied on a Bankruptcy Appellate Panel decision, *In re Kelley*, 498 B.R. 392, 400-401 (B.A.P. 1st Cir. 2013).   Echoing *Kelley*, the Bankruptcy Court found the mortgage to be materially defective

> [b]ased upon the ambiguous language in the acknowledgment it
> is unclear whether the Mortgage was signed 'voluntarily and for
> its stated purpose' by Molloy, or by [Molloy] under his power of
> attorney.  Indeed, the language in the acknowledgment is unclear
> as it is capable of two different interpretations as to who
> personally appeared before the notary, either Molloy or the
> Debtors.

*In re DeMore*, 530 B.R. 519, 532 (Bankr. D. Mass. 2015).

HSBC appealed to this court, and, as it had done before the Bankruptcy Court, moved to certify four questions of state law to the SJC.[3]

---

[3] HSBC also notes that the First Circuit has recently certified somewhat similar questions of Massachusetts law in *Pereira,* 791 F.3d at 182, while expressing anticipatory gratitude for any additional guidance about "relevant Massachusetts law" that the SJC chose to provide.  *Id.* at 186.  Consequently, HSBC proposes, in the alternative, a stay of this case until the SJC answers

4

DISCUSSION

The SJC permits a federal court to certify outcome-determinative questions of state law for which there is no controlling High Court precedent. *Easthampton Sav. Bank v. City of Springfield*, 736 F.3d 46, 50 (1st Cir. 2013). While federal courts are "generally tasked with making an 'informed prophecy' of how the highest state court would rule on [a] question," if the federal court determines that state law is insufficiently developed, or sufficiently unclear so as to "make such prophetic action unwise," certification is most often the sounder course. *Showtime Entm't, LLC v. Town of Mendon*, 769 F.3d 61, 79 (1st Cir. 2014).

The parties do not dispute that Massachusetts law is determinative of the outcome of this case. The Trustee's rights and powers under Section 544(a) are those of a bona fide purchaser, which are in turn defined by the law of the state in which the property is located (Massachusetts). Nor do the parties dispute that there is no controlling SJC precedent on the two determinative issues before this court: (1) whether the Certificate of Acknowledgment appended to the DeMores' mortgage is materially defective

---

the certification in *Pereira*. Because there is no guarantee that the SJC would in fact choose to address the controlling question in this case *sua sponte*, the court believes that a stay would be the path least likely to lead to a timely resolution of this dispute.

(thereby rendering the mortgage voidable); and if so (2) whether the registration of the mortgage in the Land Court nonetheless constitutes constructive notice of the mortgage to a subsequent bona fide purchaser.

There is no ambiguity as to whether the DeMores and/or their attorney-in-fact (Molloy) appeared before the notary.   The notary's certificate memorialized the physical presence of "Andrew DeMore and Maureen DeMore *by* their attorney, John Molloy."[4]   Record App'x at 52 (emphasis added).  That, however, is not issue-conclusive.  The purpose of the Certificate of Acknowledgment is to give evidentiary support to a grantor's execution of an instrument affecting real property as his or her "free act and deed."   *McOuatt v. McOuatt*, 320 Mass. 410, 415 (1946). Massachusetts law historically did not require adherence to any special verbal formulation of the Certificate of Acknowledgement: "No particular words are necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument." *Id.*

Mass. Gen. Laws ch. 183, § 29, also provides that

> [n]o deed shall be recorded unless a certificate of its
> acknowledgment or of the proof of its due execution, (or all
> three) made as hereinafter provided, is endorsed upon or

---

[4] Contrary to the Bankruptcy Court's decision, it is of no legal consequence whether the DeMores or Molloy singly in their stead made the appearance.  *See Ramos v. Int'l Fid. Ins. Co.*, 87 Mass. App. Ct. 604, 609 (2015).

annexed to it, and such certificate shall be recorded at length with the deed to which it relates . . . .

An instrument may be acknowledged either by the grantors themselves, "or by the attorney executing it." Mass. Gen. Laws ch. 183, § 30.  No specific form is required by statute. Rather, the Appendix to Chapter 183 lists several forms which "may be used," though "this shall not prevent the use of any other forms heretofore lawfully used."  Mass. Gen. Laws ch. 183, § 42.  These include a form for acknowledgment through an attorney-in-fact:

> (Caption specifying the state and place where the acknowledgment is taken.)
>
> On this _____ day of _____ 19 __, before me personally appeared A B, to me known to be the person who executed the foregoing instrument in behalf of C D, and acknowledged that he executed the same as the free act and deed of said C D.
>
> (Signature and title of officer taking acknowledgment. Seal, if required.)

Mass. Gen. Laws ch. 183 App., Form (14).[5]

The great majority of cases involving allegedly defective acknowledgments have featured Certificates that failed to record the names of the grantors *at all*, or instead mistakenly recorded the names of strangers to the transaction.  While the First Circuit took the position in *Pereira* that

---

[5]  The statutory Form (14) pertains to the appearance of the attorney-in-fact.   Governor's Executive Order No. 455 is intended to apply to appearances generally.  *See* Section 2 (Definitions).

"it is an open question of Massachusetts law" whether an acknowledgment incorrectly listing the identity of the grantor is a nullity, 791 F. 3d at 183, the majority of lower courts that have considered the issue have determined that it is.  *See, e.g.*, *Mbazira v. Ocwen Loan Serv., LLC (In re Mbazira),* No. 13-16586-WCH, 2015 WL 1543908 (Bankr. D. Mass. Mar. 31, 2015) (*Mbazira II*); *Mbazira v. Ocwen Loan Serv., LLC (In re Mbazira),* 518 B.R. 11 (Bankr. D. Mass. 2014) (*Mbazira I*); *DeGiacomo v. CitiMortgage, Inc. (In re Nistad),* No. 10-17435-WCH, 2012 WL 272750 (Bankr. D. Mass. Jan. 30, 2012); *Agin v. Mortg. Elec. Registration Sys. (In re Bower),* No. 10-10993-WCH, 2010 WL 4023396 (Bankr. D. Mass. Oct. 13, 2010); *and Agin v. Mortg. Elec. Registration Sys. (In re Giroux),* No. 08-14708-JNF, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009).

In the DeMores' case, however, there is no question that the names of the DeMores as the grantors *are* listed (in fact, twice) in the Certificate of Acknowledgment (counting also their initials inscribed at the bottom of the page).  Rather, the question is whether there is sufficient ambiguity in the language of the Certificate of Acknowledgment itself to call into question the evidence of the DeMores' "free act and deed."

The Bankruptcy Court was of the view that no meaningful difference could be found between the Certificate of Acknowledgment in *Kelley*, where

the parties used a preprinted form conforming to Executive Order 455, and the Certificate in the DeMores' case.  In *Kelley*, however, the Certificate failed to reference evidence of identification, as opposed to the DeMores' case where the notary confirmed that "drivers licenses" had been shown as a means of identification.  The *Kelley* Panel found that a failure to list the means of identification "standing alone" would not amount to a "fatal flaw" rendering the Certificate of Acknowledgment a nullity.  Nonetheless, it could be counted among other indicia in determining whether a Certificate conclusively established that the execution of the mortgage was the debtors' voluntary act (rather than that of their attorney-in-fact).  *Kelley*, 498 B.R. at 400-401.

Even assuming that *Kelley* is correctly decided, it does not offer sound precedent in this case for three reasons.  First, the *Kelley* Panel (and the Bankruptcy Court) gave insufficient weight to the legal force of a properly executed Power of Attorney.  Second, the Bankruptcy Court did not accord sufficient weight to the notary's declaration that the DeMores and/or their attorney produced evidence of personal identification (unlike in *Kelley*) as verification of their appearance.   And third, as a policy matter, the Bankruptcy Court may have given the Certificate of Acknowledgement more importance than it deserves as evidence of a "free act" by the grantor, as

opposed to being what it is, a formulaic witnessing of the assumption of a debt by a party to a real estate transaction.[6]

The power of attorney executed by the DeMores enabled Molloy to "do all things necessary" with respect to refinancing the property and "do all things necessary to obtain a mortgage loan . . . including without limitation the right to execute, acknowledge and deliver any and all documents prior to and at the closing."   Record App'x at 216, 223.   Massachusetts law authorizes an attorney-in-fact to acknowledge an instrument on behalf of the grantors of a mortgage.   Mass. Gen. Laws ch. 183, § 30.   The DeMores delegated to Molloy "without limitation" the power to "acknowledge . . . any and all documents" on their behalf with respect to the refinancing of the North Attleboro property.   *Id.*   Under the terms of the power of attorney, as HSBC contends, Molloy's "free act and deed," with respect to executing the mortgage, was the free act and deed of the DeMores.

Moreover, the plain language of the Certificate of Acknowledgment states that "Andrew DeMore and Maureen DeMore *by* their attorney-in-fact, John G. Molloy under Power of Attorney recorded herewith" personally appeared before the notary public, making the DeMores (by any grammatical

---

[6] The unreliability of notarized documents and notary's signatures has long been a staple in common-law cases.  *See, e.g., Case v. The People*, 76 N.Y. 242 (1879).

construction) the subjects of the Certificate.  Record App'x at 52 (emphasis added).  The notary's certificate attests that "drivers licenses" were offered as proof of identification, the plural form suggesting that the mortgage was acknowledged personally by the DeMores as well as by Molloy.  *Id.*

The Trustee's argument that (despite the intervention of Executive Order 455) the Certificate of Acknowledgment remains imperfect, is true insofar as the model template of the Certificate mandates no screaming neon sign flashing "FREE ACT AND DEED OF THE GRANTOR."  It is also true that the execution of a mortgage acknowledgement is not a "purposeless formality." *Bower,* 2010 WL 4023396, at *5, quoting *Gregory v. Ocwen Fed. Bank (In re Biggs),* 377 F.3d 515, 519 (6th Cir. 2004).  As the First Circuit has observed, adherence to formalities can be particularly important in the context of transactions involving real property.  "We are not convinced by the argument that modern courts invariably look to "substance over form" in the area of land recording law.  Land recording laws must, by their very nature, employ technical rules because the 'substance'. . . yields no simple answers." *In re Ryan*, 851 F.2d 502, 509 (1st Cir. 1988).  Even so, "[t]here comes a point at which slavish insistence upon process for its own sake serves only to exalt the trappings of justice over its substance." *Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 421-422 (1st Cir. 1996).  That is the case here, and I am confident

(to a reasonable degree of certainty) that the SJC would agree.[7] Consequently, I see no reason to certify the question of whether the form of the Certificate of Acknowledgment mandated by Executive Order 455 is materially defective.[8]

Because I do not find the Certificate of Acknowledgment at issue to be materially defective, it is unnecessary to consider the further issue of whether the Land Court, by accepting the mortgage for registration, cured the defect by providing constructive notice to the Trustee as a bona fide purchaser. *But see Graves v. Graves*, 72 Mass. 391, 392-393 (1856) ("[T[he instrument of

---

[7] If I prove wrong in this prediction, those (temporarily) affected are only the DeMores' creditors. If, on the other hand, I wrongly certify a question implying that the Certificate of Acknowledgment mandated for use in now some twelve years of Massachusetts real estate closings is materially defective, it would wrongfully cast doubt on the validity of thousands of Massachusetts land titles.

[8] In *Pereira*, the parties conceded that the acknowledgment at issue was materially defective. During oral argument, one of the judges noted that the certificate "does contain the initials at the bottom of the page . . . and there's also an indication that the [driver's] license was checked. No one has made the argument, but is it something that we should also ask the SJC as to whether they in fact consider it an invalid document?" Tr. of Oral Argument at 10 in *Bank of Am. v. Casey (In re Pereira)*, 791 F.3d 180 (1st Cir. 2015). The First Circuit did not in the end certify the material defect question to the SJC. It is true that the parties in *Pereira*, as HSBC points out, did not brief or preserve the issue in the Bankruptcy Court, which may have influenced the Court of Appeals' decision. "[I]f you're going to concede the point, the certification rules have their own limits and may preclude us from asking the [SJC]." *Id.*

defeasance, not being acknowledged, was improvidently admitted to registration, and the record does not operate as constructive notice.").

ORDER

For the foregoing reasons, the order of the Bankruptcy Court granting Lassman's motion for summary judgment is <u>REVERSED.</u>  The motion to certify questions of law to the SJC is <u>DENIED</u>.  The case is <u>REMANDED</u> to the Bankruptcy Court for the entry of judgment consistent with this opinion and/or such further proceedings as the Bankruptcy Court shall deem necessary.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE